TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (480) 247-9644
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Chyna Drew

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| Chyna Drew, | Case No.: 2:14-cv-9718 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ*;** |
| Enhanced Recovery Company, LLC; and DOES 1-10, inclusive, | **2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788, *ET SEQ*;** |
| Defendants. | **3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.** |
| | **JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Chyna Drew, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), repeated violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act"), and repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides in this district and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      Plaintiff, Chyna Drew (hereafter "Plaintiff"), is an adult individual residing in Los Angeles, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5.      Defendant, Enhanced Recovery Company, LLC ("ERC"), is a Florida business entity with an address of 8014 Bayberry Road, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by ERC and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ERC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ERC for collection, or ERC was employed by the Creditor to collect the Debt.

11. ERC attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Enhanced Engages in Harassment and Abusive Tactics**

12. Beginning in or around September of 2014, ERC contacted Plaintiff in an attempt to collect the Debt.

COMPLAINT FOR DAMAGES

13.    At all times mentioned herein, ERC called Plaintiff's cellular telephone, number 323-XXX-3020, using an automatic telephone dialer system ("ATDS" or "predictive dialer").

14.    When Plaintiff answered the calls from ERC, she was met with a period of silence, followed by the calls automatically disconnecting.

15.    Plaintiff contacted ERC to inquire about the calls that she was receiving.

16.    During a conversation with ERC, a Collector advised Plaintiff that ERC was attempting to reach a person other than Plaintiff (the "Debtor").

17.    Plaintiff informed ERC that the Debtor was unknown to her and was unreachable at her number.

18.    ERC then stated that it was attempting to reach Plaintiff and attempted to pursue Plaintiff's Debt.

19.    During this same conversation, ERC tried to convince Plaintiff to provide ERC with a postdated check.

20.    Additionally, ERC failed to send Plaintiff a written letter within five (5) days of its initial communication, as required by law.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

21.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     Defendants engaged in conduct the natural consequence of which is to harass, oppress, or abuse in violation of 15 U.S.C. § 1692d.

23.     Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

24.     Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

25.     Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

26.     Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

27.     Defendants solicited a postdated check to collect a debt, in violation of 15 U.S.C. § 1692f(3).

28.     Defendants failed to send Plaintiff a 30-day validation notice within five days of the initial communication, in violation of 15 U.S.C. § 1692g.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     Plaintiff is entitled to damages as a result of the Defendants' violations.

1
2
3

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.***

4
5

    31.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6
7
8

    32.    The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

9
10
11

    33.    ERC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

12
13
14
15

    34.    Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

16
17

    35.    Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

18
19
20

    36.    Defendants did not comply with the provisions of Title 15, § 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

21
22

    37.    Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

23
24
25
26

    38.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27
28

39.     Without prior express consent, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer.

40.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022.  The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  *Id*.  In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned."  *Id*.

41.     Defendants' telephone systems have the earmarks of a Predictive Dialer.

42.     When Plaintiff answered Defendants' calls, she was met with a period of silence, and then the calls would automatically terminate.

43.     Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

44.     Without prior express consent, Defendants contacted Plaintiff by means of ATDS calls to her cellular phone.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

45.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

46.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

47.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

48.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  December 19, 2014            TRINETTE G. KENT

By: _/s/  Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Chyna Drew